1   **MICHAEL N. FEUER**, City Attorney (SBN 111529x)
2   **THOMAS H. PETERS**, Chief Assistant City Attorney
    **CORY M. BRENTE**, Supervising Assistant City Attorney (SBN 115453x)
3   **KELLY N. KADES**, Deputy City Attorney (SBN 195025)
    E-Mail: kkades@lacity.org
4   200 North Main Street, 6th Floor, City Hall East
    Los Angeles, CA 90012
5   Phone No.: (213) 978-7034 - Fax No.: (213) 978-8785

    FILED
    CLERK, U.S. DISTRICT COURT
    JUN - 6 2014
    CENTRAL DISTRICT OF CALIFORNIA
    BY      DEPUTY

6   Attorneys for Defendant CITY OF LOS ANGELES

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

11   DONALD LIESS, individually and as Successor-
12   in-Interest to Darren Liess and CAROL LIESS,
    individually and as Successor-in-Interest to
13   Darren Liess,

14           Plaintiffs,

15   vs.

16   CITY OF LOS ANGELES, a public entity;
17   CITY OF TORRANCE, a public entity; and
    DOES 1 through 100, inclusive,

18           Defendants.

CASE NO.

**CV14-4374 PA-FFMx**

(LASC Case No. BC 541691)

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §§
1441 (a) and 1446 (a)**

20   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21         PLEASE TAKE NOTICE that Defendant **CITY OF LOS ANGELES**

22   ("Defendant") hereby removes this action from the Superior Court for the State of

23   California, County of Los Angeles to the United States District Court for the Central

24   District of California. The removal is made pursuant to 28 U.S.C. § 1446(a), on the facts

25   set forth below:

26         1. The CITY OF LOS ANGELES is a named defendant in this civil action filed

27   in the Superior Court of the State of California, County of Los Angeles entitled *Donald*

28   *Liess, et al. vs. City of Los Angeles, et al.* Superior Court Case No. BC 541691.

1    Plaintiffs filed their Complaint on April 3, 2014.  A true and correct copy of
2    Plaintiffs' Complaint is attached as Exhibit 1, including Declarations of Successor-in-
3    Interest, an undisclosed (confidential) Exhibit, the Civil Case Cover Sheet, Civil Case
4    Cover Sheet Addendum and Statement of Location.

5    2.  This action meets the original jurisdiction requirements of 28 USC § 1441(a)
6    and is removable by Defendant pursuant to 28 USC § 1446(a).  A case is removable from
7    state to federal court if the action could have been originally commenced in federal
8    court.  28 USC § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 US 699, 702
9    (1972).  The propriety of removal is determined at the time the petition for removal is
10   filed by reference to the plaintiff's complaint filed in state court.  *La Chemise Lacoste v.*
11   *Alligator Co.,* 506 F.2d 339, 343-44 (3d Cir. 1974).  When the complaint states a claim
12   invoking the original jurisdiction of the federal court, the action is removable.  *Id.*  Under
13   the Judicial Code, federal district courts have original jurisdiction in the district courts
14   over all actions brought under 42 USC § 1983.  *See* 28 USC § 1343(a)(3).  Moreover, the
15   Code confers original jurisdiction in the district courts over all actions involving federal
16   questions.  *See* 28 USC § 1331.

17   3.  The gravamen of this action is the federal civil rights claim set forth in the
18   sixth cause of action of Plaintiffs' Complaint.

19   4.  State claims are also asserted in the first through fifth causes of action of the
20   Complaint.  When an action originally filed in state court is removed to federal court, the
21   federal tribunal has jurisdiction to determine not only the federal claims but all pendent
22   state claims "that are so related to claims in the action . . . . that they form part of the
23   same case or controversy..." *See* 28 USC § 1367.  Such is the case with all the pendent
24   state claims in this matter.

25   5.  Defendant City of Los Angeles was served with Plaintiffs' Complaint on May
26   8, 2014, and consents to this removal.  (See Declaration of Kelly N. Kades).
27   / / /
28   / / /

2

The City of Torrance was also served with Plaintiffs' Complaint on May 8, 2014, and is joining in this removal. (See Declarations of Kelly N. Kades and Daniel M. Lench, Notice by Joinder of City of Torrance and Declaration of Della Thompson-Bell).

6. Further, other than those persons identified above and the persons identified in the caption as "DOES 1 through 100, inclusive," there are no other named defendants in this lawsuit. Therefore, there is no other defendant who needs to consent in order for this case to be removed.

7. The Notice of Removal is filed with this Court within 30 days after Defendant City of Los Angeles and Defendant City of Torrance were served with the Complaint on May 8, 2014. (See Declaration of Kelly N. Kades).

8. The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.

DATED: June 6, 2014

MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
CORY M. BRENTE, Supervising Asst City Attorney

By _____

KELLY N. KADES, Deputy City Attorney

Attorneys for Defendant CITY OF LOS ANGELES

3

## DECLARATION OF KELLY N. KADES

I, KELLY N. KADES, do hereby declare that I have personal knowledge of the facts set forth herein and that if called as a witness in this case, I could and would competently testify as follows:

1.      I am a Deputy City Attorney for the City of Los Angeles. In that capacity, I have been assigned to assist in representing Defendant CITY OF LOS ANGELES in the case of *Donald Liess, et al. vs. City of Los Angeles, et al.* Superior Court Case No. BC 541691.

2.      Attached as Exhibit 1 is a true and correct copy of Plaintiffs' Complaint, including Declarations of Successor-in-Interest, an undisclosed (confidential) Exhibit, the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location.

3.      Defendant City of Los Angeles was served with Plaintiffs' Complaint on May 8, 2014, and consents to this removal. True and correct copies of the Summons served on Defendant City of Los Angeles, along with the Proof of Service of Summons are attached as Exhibit 2. The City of Torrance was also served with Plaintiffs' Complaint on May 8, 2014, and is joining in this removal. (See Declaration of Daniel M. Lench, Notice of Joinder of City of Torrance and Declaration of Della Thompson-Bell).

4.      Further, other than those persons identified above and the persons identified in the caption as "DOES through 100, inclusive," there are no other named defendants in this lawsuit. Therefore, there is no other defendant who needs to consent in order for this case to be removed.

5.      The Notice of Removal is filed with this Court within 30 days after Defendant City of Los Angeles and Defendant City of Torrance were served with Plaintiffs' Complaint on May 8, 2014.

/ / /

/ / /

1      6.      This Notice of Removal is being filed in this Court and in the Los Angeles

2  Superior Court.

3

4      I declare under penalty of perjury pursuant to the laws of the United States of

5  America that the foregoing is true and correct.

6

7      Executed on June 6, 2014, at Los Angeles, California.

8

9

10      _____
       KELLY N. KADES, Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DANIEL M. LENCH

I, DANIEL M. LENCH, do hereby declare I have personal knowledge of the facts set forth herein and if called as a witness in this case, I could and would competently testify as follows:

1.       I am a Certified Senior Litigation Paralegal for the City of Los Angeles. In that capacity, I have been assigned to assist Deputy City Attorney Kelly N. Kades in representing Defendant City of Los Angeles in the case *Donald Liess, et al. vs. City of Los Angeles, et al.* Superior Court Case No. BC 541691, now pending in the Los Angeles Superior Court.

2.       On May 29, 2014, I spoke with Deputy City Attorney, Della Thompson-Bell, counsel for the City of Torrance.  Ms. Thompson-Bell advised me the City of Torrance consents to, and is joining in , Defendant City of Los Angeles' removal of this action.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on June 6, 2014 at Los Angeles, California.

Daniel M. Lench, Declarant

6

John C. Taylor, State Bar No. 78389
Louanne Masry, State Bar No. 190559
**TAYLOR & RING, LLP**
10900 Wilshire Boulevard, Suite 920
Los Angeles, California 90024

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiffs

FILED
Superior Court of California
County of Los Angeles

APR 0 3 2014

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Shaunya Bolden

FSC: 0 9 / 1 7 / 2015  TRIAL: 1 0 / 0 5 / 2015  OSC: 0 4 / 0 3 / 2017

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DONALD LIESS, individually and as Successor-in-Interest to Darren Liess and CAROL LIESS, individually and as Successor-in-Interest to Darren Liess, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a public entity; CITY OF TORRANCE, a public entity; and DOES 1 through 100, inclusive. <br><br> Defendants. | CASE NO. <br><br> **BC541691** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs DONALD LIESS, individually and as Successor-in-Interest to DARREN LIESS and CAROL LIESS, individually and as Successor-in-Interest to DARREN LIESS hereby allege and complain against Defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.    At all relevant times herein, Plaintiffs DONALD LIESS, individually and as Successor-in-Interest to DARREN LIESS and CAROL LIESS, individually and as Successor-in-Interest to DARREN LIESS were residents of the State of California, County of Los Angeles. Plaintiffs

1

Exhibit 1  Page 7

DONALD LIESS, individually and as Successor-in-Interest to DARREN LIESS and CAROL LIESS, individually and as Successor-in-Interest to DARREN LIESS have complied with the provisions of Code of Civil Procedure §377.32, filing herewith, attached as Exhibit "1", affidavits as required by this Section. Plaintiffs DONALD LIESS and CAROL LIESS were the father and mother, respectively, of decedent DARREN LIESS, who was unmarried and had no children at the time of his death.

2. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein, Defendants CITY OF LOS ANGELES (hereinafter sometimes referred to as "LOS ANGELES"), CITY OF TORRANCE (hereinafter sometimes referred to as "TORRANCE"), and DOES 1 through 10, inclusive, are and at all times herein mentioned were, public entities and/or municipal corporations, duly organized and existing under and by virtue of the laws of the State of California.

3. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein, Defendants DOES 11 through 70, inclusive, are and at all times herein mentioned were, officers, ranking officers, deputies, and/or other employees of Defendants LOS ANGELES, TORRANCE, and/or DOES 1 through 10, inclusive, and at all times mentioned herein were acting in the course and scope or their employment with Defendant LOS ANGELES, TORRANCE, and/or DOES 1 through 10 and are liable under the doctrine of respondeat superior pursuant to Section 815.2 of the California Government Code.

4. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein, Defendants DOES 71 through 100, inclusive, are and at all times herein mentioned were, employees of Defendants LOS ANGELES, TORRANCE, and/or DOES 1 through 10 and were responsible for implementing, promulgating, maintaining, sanctioning, condoning, and/or ratifying policies, procedures, practice, and/or customs, under which the other Defendants committed the wrongful acts hereinafter complained of. Plaintiffs are also informed and believe, and thereon allege, that at all times herein mentioned, Defendants DOES 71 through 100, inclusive, were responsible for the administration of the Los Angeles Police Department and/or Torrance Police Department and for selecting, hiring, training, and supervising persons working for and within the Los Angeles Police Department and/or Torrance Police Department including, but not limited to, DOES 11 through 70, inclusive.

///

2

Exhibit _1_ Page _8_

5.   Defendants LOS ANGELES, TORRANCE, and DOES 11 through 10, inclusive, are liable for any and all wrongful acts hereinafter committed by any of the individual DOES 71 through 100, inclusive, pursuant to Section 815.2 of the California Government Code.

6.   The true names, identities or capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.  When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiffs will ask leave of Court to amend the complaint to assert the true names, identities, and capacities, together with the proper charging allegations.

7.   Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as a DOE is responsible, in some manner, for the events and happenings herein referred to, thereby proximately causing the injuries and damages to Plaintiffs as hereinafter alleged.

8.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and joint venturers of each other and of their co-Defendants, and were acting within the course and scope of their employment, agency or joint venture, and that all acts, conduct or omissions were subsequently ratified by the respective principals and the benefits thereof accepted by said principals.

9.   Plaintiffs name Defendants herein, and each of them, because Plaintiffs are in doubt and do not know exactly from which of said Defendants Plaintiffs are entitled to redress and whether the injuries and damages to Plaintiffs herein alleged were caused by the combined negligence of all Defendants or by the concurrent or successive and separate negligence of Defendants, and/or one or more of them.  For that reason, Plaintiffs name all of said Defendants and will ask for the determination of the liability of each and all of said Defendants in this action and to what extent and what responsibility falls upon each of the said Defendants, and that judgment be awarded to Plaintiffs as against such or all of the Defendants, either jointly or severally, as may be found liable.

10.   Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, each Defendant was completely dominated and controlled by his/her/its co-Defendant and each was the alter ego of the other as to the events set forth herein.

3

11.     Each of the individual Defendants sued herein is sued both in his/her individual and personal capacity, as well as in his/her official capacity.

12.     At all times mentioned herein, Defendants, and each of them, were acting under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California, County of Los Angeles, and/or Cities of Los Angeles and Torrance, pursuant to their official authority and their policies, procedures, practices, and/or customs established by directives and/or other acts of the Los Angeles Police Department, and/or Torrance Police Department, Cities of Los Angeles and/or Torrance, and DOES 1 through 10, inclusive.

13.     Plaintiffs' decedent, Darren Liess, was a mentally ill adult male who resided at a board and care facility located at 20902 Denker Avenue in the city of Torrance, California.  On February 25, 2013, a caregiver at the board and care facility called "911" to report that decedent was striking his body against the exterior building of this location.  Defendants DOES 11 through 70 arrived on the scene, forcefully placed decedent in a prone position, handcuffed decedent, and physically struck decedent, all while decedent posed no threat to Defendants.  Decedent became unconscious and was later transported to Harbor-UCLA Medical Center, where he was pronounced dead on the same date. Plaintiffs were advised by Defendants, through their police officers, employees, and agents, that decedent died as a result of blunt head trauma from decedent striking his head against the building exterior.  Decedent's autopsy report was not made available for Plaintiffs to review until on or about August 13, 2013.  After reviewing the autopsy report, Plaintiffs discovered that the cause and manner of death was not blunt head trauma, but that decedent became unresponsive after being handcuffed and restrained by Defendants' police officers.   Plaintiffs allege, upon information and belief, that Defendants' police officers, employees, and agents intentionally provided misleading information to Plaintiffs as to the manner and cause of decedent's death.  As such, Plaintiffs, despite an attempt to learn the cause and manner of death of decedent from Defendants' police officers, employees, and agents, did not discover the cause and manner of decedent's death until on or about August 13, 2013.

14.     On November 7, 2013, Plaintiffs presented to Defendant LOS ANGELES written claims for damages pursuant to California Government Code Section 910, et seq., which claims were formally rejected by Defendant LOS ANGELES on November 14, 2013.

4

15.     On November 7, 2013, Plaintiffs presented to Defendant TORRANCE written claims for damages pursuant to California Government Code Section 910, et seq., which claims were formally rejected by Defendant TORRANCE on December 18, 2013.

16.     On February 25, 2013, decedent was lawfully on private property where he resided when he was improperly restrained by Defendants DOES 11 through 70, who were employed and working within the course and scope of their employment as officers for the Los Angeles Police Department, Torrance Police Department, and/or Defendants LOS ANGELES and/or TORRANCE.   These Defendants DOES 11 through 70 negligently assessed the circumstances presented to them, and violently confronted and unjustifiably restrained decedent without probable cause or reasonable suspicion that decedent had committed a crime, or would commit a crime in the future. While improperly restrained, decedent became unresponsive.  As a result of the improper restraint so inflicted upon decedent, he suffered serious and, eventually, fatal injuries.  The present action arises from these facts.

17.     Plaintiffs further allege that despite having personal knowledge that the decedent was injured during his restraint and despite noticing that decedent was suffering from symptoms consistent with life threatening injuries, Defendants DOES 11 through 70, who were employed and working within the course and scope of their employment as officers for the Los Angeles Police Department, Torrance Police Department, and/or Defendants LOS ANGELES and/or TORRANCE, failed to do anything medically provident for the decedent and delayed providing decedent with medical care, instead taking castigating actions designed to impose punishment on the decedent by ignoring decedent's serious medical condition.

18.     Plaintiffs are further informed and believe, and thereon allege, that Defendants DOES 1 through 100, inclusive, agreed and conspired to justify and cover up the misconduct alleged herein by, among other things, preparing and filing false reports regarding the incident that led to the death of decedent, and accusing the decedent of violations of laws.

///

///

///

COMPLAINT FOR DAMAGES                 Exhibit 1 Page 11

## FIRST CAUSE OF ACTION

### NEGLIGENCE

(Against All Defendants and DOES 1 through 100, Inclusive)

19.   Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 18.

20.   At all relevant times herein, Defendants negligently, wrongfully, unlawfully, carelessly, and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they negligently, carelessly, and recklessly without provocation and with excessive and deadly force improperly restrained and physically struck decedent, severely and fatally injuring him.  These negligent acts proximately caused decedent's injuries and death.

21.   The subject incident was additionally a result of the negligent deployment of Defendants' employees, the negligent assessment and reassessment of the nonexistent threat presented by decedent by those Defendants at the scene, and the negligence of Defendants to develop a tactically sound plan for approaching and controlling decedent.

22.   Plaintiffs further allege that Defendants failed to properly instruct, train, and supervise Defendants DOES 11 through 70, and failed to formulate and enforce proper, reasonable, adequate, and safe procedures, standards of policies for its police officers in performing public duties, so as to create unreasonable and unacceptable risks to the public, all of which acts or omissions were substantial factors in causing the incident on February 25, 2013.  Defendants, and each of them, may have engaged in other wrongful acts and conduct, and Plaintiffs reserve the right to amend this complaint at a later time.

23.   As a direct and proximate cause of the acts alleged herein, decedent suffered severe bodily injury and death.  As a result, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of decedent.  Plaintiffs have also incurred burial and funeral expenses.  Plaintiffs were damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

6

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS

[California Civil Code Sections 51.7 and 52.1]

(By Plaintiffs DONALD LIESS and CAROL LIESS as Successors-in-Interest to Decedent

Against All Defendants and DOES 1 through 100, Inclusive)

24.    Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 23.

25.    Defendants and each of them violated decedent's civil rights protected under the California Constitution, Article I, section 13 by unlawfully seizing decedent and applying excessive and unreasonable force upon decedent as alleged herein.

26.    As a direct and proximate cause of the acts alleged herein, decedent suffered severe bodily injury and death.  Plaintiffs request economic and noneconomic damages in an amount and manner to be shown according to proof at trial.

27.    As a further direct and proximate cause of the acts alleged herein, Plaintiffs seek attorneys' fees as provided for in California Civil Code Sections 52.1(b) and 52.1(h) in an amount to be shown according to proof at trial.

## THIRD CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

[California Government Code Sections 815.2(a), 820(a)]

(Against All Defendants and DOES 1 through 100, Inclusive)

28.    Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 23.

29.    Plaintiffs are informed and believe, and thereon allege, that on and before February 25, 2013, DOES 1 through 100 and/or individual employees of the LOS ANGELES, TORRANCE, the Los Angeles Police Department and/or the Torrance Police Department, who were responsible for hiring and supervising Defendants DOES 11 through 70, negligently hired, trained, supervised, employed, and/or managed DOES 11 through 70 and knew or, in the exercise of reasonable diligence, should have

7

Exhibit 1 Page 13

1   known, that DOES 11 through 70 were dangerous and violent employees, prone to use excessive force

2   without reasonable justification, and in a manner that would demonstrate callous disregard for the rights

3   and safety of civilian citizens, and assault and batter persons, and/or use unnecessary, unreasonable,

4   deadly, and/or unlawful physical force without reasonable justification.  All of these negligent acts

5   proximately caused decedent's injuries, and death.

6         30.     As a direct and proximate cause of the acts alleged herein, decedent suffered severe

7   bodily injury and death.  As a result, Plaintiffs have been deprived of the love, affection, care, society,

8   service, comfort, support, right to support, companionship, solace or moral support, as well as other

9   benefits and assistance of decedent.  Plaintiffs have also incurred burial and funeral expenses.  Plaintiffs

10   were damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be

11   shown according to proof at trial.

12

13                             **FOURTH CAUSE OF ACTION**

14                  **BATTERY [California Civil Code Section 43]**

15           **(Against All Defendants and DOES 1 through 100, Inclusive)**

16         31.     Plaintiffs re-allege and incorporate herein by reference each and every allegation

17   contained in paragraphs 1 through 23 and 28 through 30.

18         32.     In committing the acts alleged herein, decedent was violently, wrongfully, and

19   intentionally battered by Defendants, and each of them, with the intent to inflict serious and bodily

20   injury.

21         33.    Both prior to and during the time in which decedent was restrained, decedent did not

22   consent to the use of force used upon him.  In committing the acts described herein, Defendants

23   subjected decedent to unreasonable harm to his person, in violation of California Civil Code Section 43.

24         34.     As a direct and proximate cause of the acts alleged herein, decedent suffered severe

25   bodily injury and his death.  As a result, Plaintiffs have been deprived of the love, affection, care,

26   society, service, comfort, support, right to support, companionship, solace or moral support, as well as

27   other benefits and assistance of decedent.  Plaintiffs have also incurred burial and funeral expenses.

28

      Exhibit _1_ Page _14_

Plaintiffs were damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

35.     The aforementioned acts of the individual defendants were willful, wanton, malicious, and oppressive, and justify the award of exemplary damages as against the individual defendants named herein.

## FIFTH CAUSE OF ACTION
### WRONGFUL DEATH
**(Against All Defendants and DOES 1 through 100, Inclusive)**

36.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 23 and 28 through 34.

37.     As a result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiffs' decedent died on February 25, 2013.  As alleged herein, decedent's death was a proximate result of the absence of due care for the safety of others and was done in a reckless, unlawful, and/or negligent manner, and was without any legal or just cause.

38.     As a direct and proximate cause of the acts alleged herein, decedent suffered severe bodily injury and death.  As a result, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of decedent.  Plaintiffs have also incurred burial and funeral expenses.  Plaintiffs were damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

## SIXTH CAUSE OF ACTION
### CIVIL RIGHTS VIOLATIONS (42 U.S.C. SECTION 1983)
**(Against All Defendants and DOES 1 through 100, Inclusive)**

39.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 38.

///

9

Exhibit 1 Page 15

40.     Defendants, acting under color of law, deprived decedent of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42, United States Code, Section 1983 in subjecting decedent to excessive and unreasonable force. Said wrongful, illegal, and unconstitutional conduct by Defendants was a proximate cause of decedent's death, and Plaintiffs' losses and damages.

41.     As a direct and proximate cause of the acts alleged herein, decedent suffered severe bodily injury and his death.   As a result, Plaintiffs have suffered economic and noneconomic damages in an amount and manner to be shown according to proof at trial.

42.     The aforementioned acts of the individual defendants acting in concert were willful, wanton, malicious, and oppressive, and justify the award of exemplary damages as against the individual defendants named herein.

43.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiffs were required to and did retain an attorney to institute and litigate the within action, and by reason thereof, Plaintiffs request reimbursement by Defendants of a reasonable sum for attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants COUNTY OF LOS ANGELES and DOES 1 through 100, inclusive, and each of them, as follows:

1.     For an award of general and special damages according to proof;

2.     For exemplary damages against the individual defendants in their individual capacities according to proof (as to the second, fourth, and sixth causes of action only);

3.     For attorneys fees according to proof (as to the second and sixth causes of action only);

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court deems just and proper.

Dated: March 28, 2014                                    TAYLOR & RING, LLP

                                                By: _Louanne Masry_
                                                John C. Taylor
                                                Louanne Masry
                                                Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs DONALD LIESS, individually and as Successor-in-Interest to DARREN LIESS and CAROL LIESS, individually and as Successor-in-Interest to DARREN LIESS, request that this action be determined by trial by jury.

Dated: March 28, 2014

TAYLOR & RING, LLP

By: _____
John C. Taylor
Louanne Masry
Attorneys for Plaintiffs

11

Exhibit 1 Page 17

Exhibit 1  Page 18

**DECLARATION**

TREEHUGGER™
30% PCW RECYCLED TAB
A ProJin's est in Scana & Kitta Kez Saet

800-422-9191
www.proindexes.com

DECLARATION

Exhibit 1 Page 19

## DECLARATION OF SUCCESSOR-IN-INTEREST

I, DONALD LIESS, declare under penalty of perjury as follows:

1.   The decedent's name is Darren Joseph Liess.

2.   The decedent was pronounced dead on February 25, 2013, at Harbor UCLA Medical Center, 1000 W. Carson Street, Torrance, California, in the County of Los Angeles.

3.   No proceeding is now pending in California for administration of decedent's estate.

4.   The declarant is a successor in interest (as defined in Code of Civil Procedure §377.11) and succeeds to the decedent's interest in the action.

5.   No other person has a superior right to commence the action or to be substituted for the decedent in the pending action.

6.   Attached as Exhibit "1" is a certified copy of decedent's death certificate.

The declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _10th_ day of February, 2014, at _LOS ANGELES_, California.

_Donald A. Liess_
DONALD LIESS

---

1
DECLARATION OF SUCCESSOR-IN-INTEREST

Exhibit _1_ Page _20_

Exhibit 1 Page 21

**DECLARATION**

TREEHUGGER™
30% PCW RECYCLED TAB
A Product of Stockroom & Files Product

800-422-9191
www.proindexes.com

DECLARATION

Exhibit 1 Page 22

## DECLARATION OF SUCCESSOR-IN-INTEREST

I, CAROL LIESS, declare under penalty of perjury as follows:

1.    The decedent's name is Darren Joseph Liess.

2.    The decedent was pronounced dead on February 25, 2013, at Harbor UCLA Medical Center, 1000 W. Carson Street, Torrance, California, in the County of Los Angeles.

3.    No proceeding is now pending in California for administration of decedent's estate.

4.    The declarant is a successor in interest (as defined in Code of Civil Procedure §377.11) and succeeds to the decedent's interest in the action.

5.    No other person has a superior right to commence the action or to be substituted for the decedent in the pending action.

6.    Attached as Exhibit "1" is a certified copy of decedent's death certificate.

The declarant declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this *10th* day of February, 2014, at *Los Angeles*, California.

_____
CAROL LIESS

Exhibit _1_ Page _23_

Exhibit 1 Page 24

EXHIBIT 1

EXHIBIT 1

TREEHUGGER
30% PCW RECYCLED TAB
A ProOffice and Filing Supplies Product

800-422-9191
www.prosupplies.net

Exhibit 1 Page 25

# CONFIDENTIAL CONTENT ENCLOSED

# PLEASE REFER TO ORIGNAL DOCUMENT

EX 1

Exhibit 1 Page 26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>John C. Taylor, SB# 78389<br>Louanne Masry, SB# 190559<br>TAYLOR & RING, LLP<br>10900 Wilshire Boulevard, Suite 920<br>Los Angeles, California 90024<br>TELEPHONE NO.: (310) 209-4100    FAX NO.: (310) 208-5052<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>APR 03 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Shaunya Bolden |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: LIESS vs. CITY OF LOS ANGELES, et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC541691**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [x] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 6-Negligence; Violation of Civil Rights; Negligent Hiring, Training & Supervision; etc...
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 28, 2014
Louanne Masry, Esq.
_____(TYPE OR PRINT NAME)_____            _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

Exhibit 1 Page 27



| SHORT TITLE: LIESS vs. CITY OF LOS ANGELES, et al. | CASE NUMBER | BC541691 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 7-10 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [x] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., (4) |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4



Exhibit 1 Page 28

 

| SHORT TITLE: LIESS vs. CITY OF LOS ANGELES, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit _1_ Page _29_

 

| SHORT TITLE: LIESS vs. CITY OF LOS ANGELES, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |




| SHORT TITLE: LIESS VS. CITY OF LOS ANGELES, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>20902 Denker Avenue |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Torrance | CA | 90501 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____L.A.S.C._____ courthouse in the ____Central____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 28, 2014

_(signature)_
(SIGNATURE OF ATTORNEY/FILING PARTY)
Louanne Masry, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit 1 Page 31

SUM-100

## SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

CITY OF LOS ANGELES, a public entity; CITY OF TORRANCE, a public entity; and DOES 1 through 100, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
DONALD LIESS, individually and as Successor-in-Interest to Darren Liess;
CAROL LIESS, individually and as Successor-in-Interest to Darren Liess,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA<br>111 N. Hill Street<br>Los Angeles, CA 90012<br>CENTRAL DISTRICT | CASE NUMBER:<br>(Número del Caso):<br>BC541691 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John C. Taylor, SB# 78389 / Louanne Masry, SB# 190559          (310) 209-4100          Fax (310) 208-5052
TAYLOR & RING, LLP
10900 Wilshire Boulevard, Suite 920
Los Angeles, California 90024

DATE:                                                   Clerk, by _____, Deputy
(Fecha)   MAY 03 2014   SHERRI R. CARTER   (Secretario)   SHAUNYA BOLDEN   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): City of Los Angeles, a public entity

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [X] by personal delivery on (date): CCP 416.50 public entity

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

SUMMONS   5/08/14

Code of Civil Procedure §§ 412.20, 465

Legal Solutions

Exhibit 2   Page 32

| Attorney or Party without Attorney:<br>JOHN C. TAYLOR, ESQ.<br>TAYLOR & RING, LLP<br>10900 WILSHIRE BOULEVARD<br>SUITE 920<br>LOS ANGELES, CA 90024<br>Telephone No: 310-209-4100     FAX No: 310-208-5052 | For Court Use Only |
|---|---|
| | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 16 2014<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy |

| *Ref. No. or File No.:* | |

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL DISTRICT

*Plaintiff:* DONALD LIESS, INDIVIDUALLY ETC., ET AL.

*Defendant:* CITY OF LOS ANGELES, A PUBLIC ENTITY, ET AL.

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div:<br>92 | Case Number:<br>BC541691 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE; AMENDED GENERAL ORDER RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES; AMENDED GENERAL ORDER - FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS

3.  a. *Party served:*           CITY OF LOS ANGELES, PUBLIC ENTITY
   b. *Person served:*         MARIA VIZCARRA, CLERK, AUTHORIZED TO ACCEPT SERVICE

4.  *Address where the party was served:*       200 NORTH SPRING STREET
                                        ROOM 395
                                        LOS ANGELES, CA 90012

5.  *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., May. 08, 2014 (2) at: 1:34PM

6.  *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of:  CITY OF LOS ANGELES, PUBLIC ENTITY
   Under CCP 416.50 (public entity)

7.  *Person Who Served Papers:*                                Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DOUG  FORREST

     **First Legal**
     1511 West Beverly Blvd.
     Los Angeles, CA 90026
     Telephone  (213) 250-9111
     Fax  (213) 250-1197
     www.firstlegalnetwork.com

   d.  *The Fee for Service was:*

   e.  I am: (3) registered California process server
     (i)  Independent Contractor
     (ii)  *Registration No.:*      5141
     (iii)  *County:*               Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Mon, May. 12, 2014*

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT | (DOUG  FORREST)<br>3853984  .tayri.615282 |
|---|---|---|

Exhibit 2  Page 33

PROOF OF SERVICE

I, NINA KIM, declare as follows:

    I am over the age of 18 years, and not a party to this action.  My business address is 200 North Main Street, City Hall East, 6th Floor, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

    On June 6, 2014,  I served the foregoing document(s) described as:

    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a)

on all interested parties in this action:

| ATTORNEY FOR PLAINTIFFS: | ATTORNEY FOR DEFENDANT: |
|---|---|
| John C. Taylor, Esq.<br>Louanne Masry, Esq.<br>TAYLOR & RING, LLP<br>10900 Wilshire Blvd., Ste 920<br>Los Angeles, CA 90024<br>T: (310) 209-4100<br>F: (310) 208-5052 | John L. Fellows III, City Attorney<br>Patrick Q. Sullivan, Asst City Attorney<br>Della D. Thompson-Bell, DCA<br>3031 Torrance Blvd.<br>Torrance, CA 90503-5059<br>T: (310) 618-5810<br>F: (310) 618-5813 |
| *Plaintiffs* Donald Liess, individually and as Successor-in-Interest to Darren Liess and Carol Liess, individually and as Successor-in-Interest to Darren Liess | *Defendant* City of Torrance |

I served a true copy of the document(s) above by:

    [✗]  Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

    [✗]  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

    [✗]  I hereby certify under the penalty of perjury that the foregoing is true and correct.

    Executed on June 6, 2014 at Los Angeles, California.

_____
NINA KIM, Declarant

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Donald Liess, individually and as Successor-in-Interest to Darren Liess and Carol Liess, individually and as Successor-in-Interest to Darren Liess | City of Los Angeles, a public entity; City of Torrance, a public entity; and Does 1 through 100, inclusive |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Los Angeles |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| John C. Taylor, Esq., Louanne Masry, Esq. TAYLOR & RING, LLP 10900 Wilshire Boulevard, Suite 920 Los Angeles, CA 90024 | Michael N. Feuer, City Attorney Kelly N. Kades, Deputy City Attorney SBN 195025 200 N. Main Street, 6th Floor, Los Angeles, CA 90012 (213) 978-7034 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) |
|---|---|
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

| ☐ 1. Original Proceeding | ☒ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened | ☐ 5. Transferred from Another District (Specify) | ☐ 6. Multi-District Litigation |
|---|---|---|---|---|---|

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §1983 - Excessive Force, Cal. Civ. Code §51.7 and §52.1, Battery, Negligent Hiring, Training and Supervision, Negligence, Wrongful Death

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | |
|---|---|---|
| CV-71 (06/14) | CIVIL COVER SHEET | Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [X] Yes   [ ] No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [X] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| | [ ] Orange | | Southern |
| | [ ] Riverside or San Bernardino | | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>[ ] Yes   [X] No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>[ ] Yes   [X] No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br><br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes   [X] No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E,  below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | [ ] Yes   [X] No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E,  below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes   [X] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

IX(a). IDENTICAL CASES: Has this action been previously filed in this court?      ☒ NO      ☐ YES

If yes, list case number(s):

IX(b). RELATED CASES: Is this case related (as defined below) to any cases previously filed in this court?      ☒ NO      ☐ YES

If yes, list case number(s):

Civil cases are related when they: (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):      *Kelly Kade*      DATE: June 6, 2014

Notice to Counsel/Parties: The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# PROOF OF SERVICE

I, NINA KIM, declare as follows:

      I am over the age of 18 years, and not a party to this action.  My business address is 200 North Main Street, City Hall East, 6th Floor, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

      On June 6, 2014, I served the foregoing document(s) described as:

**CIVIL COVER SHEET**

on all interested parties in this action:

**ATTORNEY FOR PLAINTIFFS:**
NAME, Esq.
LAW OFFICE OF
1234 Main St.
Los Angeles, CA 90001
T: (310) 393-3055
F: (310) 393-3605

*Plaintiffs* Donald Liess, individually and as Successor-in-Interest to Darren Liess and Carol Liess, individually and as Successor-in-Interest to Darren Liess

**ATTORNEY FOR DEFENDANT:**
John L. Fellows III, City Attorney
Patrick Q. Sullivan, Asst City Attorney
Della D. Thompson-Bell, DCA
3031 Torrance Blvd.
Torrance, CA 90503-5059
T: (310) 618-5810
F: (310) 618-5813

*Defendant* City of Torrance

I served a true copy of the document(s) above by:

      [✗] Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

      [✗] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

      [✗] I hereby certify under the penalty of perjury that the foregoing is true and correct.

      Executed on June 6, 2014 at Los Angeles, California.

_____
NINA KIM, Declarant