1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

9
10  DONALD LIESS, individually and as )  CASE NO.: CV14-4374 PA (FFMx)
    Successor-in-Interest to Darren Liess )
11  and CAROL LIESS, individually and )  **Assigned to: Judge Percy Anderson**
    as Successor-in-Interest to Darren )  **Courtroom: 15 - Spring Street**
12  Liess, )
                                        )  **Assigned to: Magistrate Frederick F. Mumm**
13              Plaintiffs, )              **Courtroom: E - 9th Floor**
                                        )
14      vs.                             )  **DEFENDANT CITY OF LOS**
                                        )  **ANGELES AND PLAINTIFFS'**
15                                      )  [Proposed]  **STIPULATED**
    CITY OF LOS ANGELES, a public )      **PROTECTIVE ORDER RE FORCE**
16  entity; CITY OF TORRANCE, a )        **INVESTIGATION DIVISION**
    public entity; and DOES 1 through )  **RECORDS - FID RECORDS**
17  100, inclusive. )
                                        )  NOTE: CHANGES MADE BY
18              Defendants )             THE COURT
                                        )
19  _____)

20  *PROTECTIVE ORDER FORCE INVESTIGATION DIVISION REPORTS*

21      After the Plaintiffs DONALD LIESS, individually and as Successor-in-Interest to

22  Darren Liess and CAROL LIESS, individually and as Successor-in-Interest to Darren

23  Liess, (hereinafter referred to as "Plaintiffs"), by and through their attorneys of record,

24  TAYLOR & RING, by Louanne Masry and Defendants CITY OF LOS ANGELES, a

25  local public entity (hereinafter referred to as "Defendants"), by and through their

26  attorneys of record, Michael N. Feuer, City Attorney, Cory M. Brente, Supervising

27  Assistant City Attorney and Christian R. Bojorquez conferred regarding the Production of

28  the Force Investigation Records in the above-entitled case,

1   **IT IS HEREBY STIPULATED AND AGREED** between the parties hereto, by

2   their undersigned counsel of record, that the following Protective Order, and its terms

3   shall govern documents and things in this matter:

4   For purposes of this Order, Confidential Materials include, but are not limited to:

5   1.   Force Investigation Division Investigation Records;

6   2.   Any and all documents, interviews, Officer Statements and/or writings

7   created during the Investigation, which include, but are not limited to, the following:

8   A.   Force Investigation Division Records- No. F-019-13

9   ●   Interviews;

10  ●   Officer Statements, whether written or recorded;

11  ●   Legend w/diagram;

12  ●   Pictures - Which coincide with an Officer(s) compelled

13  statement which were intended to reflect the Officer's stated or perception of events;

14  ●   Investigative Narrative;

15  ●   All addenda

16

17   *I.   GOOD CAUSE STATEMENT*

18   The Force Investigation Division (hereinafter "FID") of the Los Angeles Police

19   Department conducts internal administrative investigations of categorical officer-

20   involved uses of force.  In this above-captioned matter an FID Investigation was

21   conducted.  As a result, the Parties have agreed to this Proposed Protective Order

22   covering the Investigation and its contents.  Defendants contend that a Protective Order is

23   appropriate for the following Good Cause reasons:

24   a.   Once completed, an investigation report (hereafter "FID reports") is

25   prepared.  Such reports are reviewed by appropriate command officers in the Department

26   and by the Board of Police Commissioners.  This review has several purposes:  (1) to

27   determine whether the involved officers violated any Department policies or procedures;

28

(2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc.; should be modified.  In sum, FID reports are an essential aid to providing critical self evaluation of Department officers and policies and to determine the most effective way to serve the citizens of Los Angeles.

## II.   TERMS OF THE PROTECTIVE ORDER

1.   Defendants and Plaintiffs have agreed that the below-listed documents shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are privileged, confidential, private or sensitive nature.  This will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents,"  "Confidential Material Subject to Protective Order" or words of similar effect.  Documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.

For purposes of this Order, Confidential Materials include, but are not limited to:

1.   Force Investigation Division Investigation Records;

2.   Any and all documents, interviews, Officer Statements and/or writings created during the Investigation, which include, but are not limited to, the following:

A.   Force Investigation Division Records- No. F-019-13

● Interviews;

● Officer Statements, whether written or recorded;

● Legend w/diagram;

● Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;

/ / /

1          ●    Investigative Narrative;

2          ●    All addenda

3          B.    The Confidential Documentation being provided pursuant to this

4 Protective Order will be accomplished by affixing to such document or writing a legend,

5 such as "Confidential," "Confidential Documents," "Confidential Material Subject to

6 Protective Order" or words of similar effect.  The documents and writings so designated,

7 and all information derived therefrom (hereinafter, collectively, "Confidential

8 Information"), shall be treated in accordance with the terms of this stipulation/protective

9 order.

10      2.    Confidential Information may be used by the persons receiving such

11 information only for the purpose of this above-captioned litigation .

12      3.    Subject to the further conditions imposed by this stipulation/protective order,

13 Confidential Information may be disclosed only to the following persons:

14          a.    Counsel for the parties and to experts, investigators, paralegal

15          assistants, office clerks, secretaries and other such personnel working under

16          their supervision**, and the Court and its personnel (FFM)**;

17          b.    Such other parties as may be agreed by written stipulation

18          among the parties hereto, or by Court Order.

19      4.    Prior to the disclosure of any Confidential Information to any person

20 described in paragraph 3(a), or 3(b), *with the exception of all Court Personnel,* counsel

21 for the party that has received and seeks to use or disclose such Confidential Information

22 shall first provide any such person with a copy of this protective order, and shall cause

23 him or her to execute the following acknowledgment:

24 / / /

25 / / /

26 / / /

27 / / /

28

1       "I understand that I am being given access to Confidential Information

2       pursuant to the foregoing protective order.  I have read the

3       stipulation/protective order and agree to be bound by its terms with respect

4       to the handling, use and disclosure of such Confidential Information.

5       Dated: _____/s/ _____"

6  Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment

7  upon Defendants.

8       5.    Upon the final termination of this litigation, including any appeal pertaining

9  thereto or in the event this case is remanded to State Court, all Force Investigation

10  Division materials that were designated as confidential, as well as any other Court

11  Ordered Documents provided pursuant to this Protective Order and all copies thereof,

12  shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City

13  Hall East, Los Angeles, California 90012.  All Confidential documentation provided to

14  any person or party, pursuant to any provision hereof, also shall be returned to the City

15  Attorney's Office.

16       6.    If any party who receives Confidential Information receives a subpoena or

17  other request seeking Confidential Information, he, she or it shall immediately give

18  written notice to counsel for defendants, identifying the Confidential Information sought

19  and the time in which production or other disclosure is required, and shall object to the

20  request or subpoena on the grounds of this stipulation/protective order so as to afford

21  defendants an opportunity to obtain an order barring production or other disclosure, or to

22  otherwise respond to the subpoena or other request for production or disclosure of

23  Confidential Material.  In no event should production or disclosure be made **prior to the**

24  **ruling on any motion to quash or for protective order timely made by defendants**

25  ~~without written approval by defendant's counsel unless required by Court Order arising~~

26  ~~from a motion to compel production or disclosure of Confidential Information.~~  **(FFM)**

27  / / /

28

7.      Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall first be accompanied by an application to request that the papers, or the confidential portion thereof, be lodged under seal.

8.      Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless the Court orders otherwise.  Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

9.      Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10.     The fact that Plaintiffs have entered into this stipulation does not waive any of Plaintiffs' rights to challenge the Defendants' designation of materials as confidential. Nevertheless, Plaintiffs understand and acknowledge that material contained within the Force Investigation, such as interviews, tape recordings and summaries are being provided pursuant to this Protective Order and that they are to remain protected by this Order.  In the event that there is some "good faith" disagreement as to whether certain documents and/or information provided by Defendants that were labeled as "confidential" should be treated as confidential, the parties agree to make informal attempts to resolve such issues.  Nevertheless, if those informal attempts prove unsuccessful, then Plaintiffs will have the ability to file the necessary motion so that the Court can make the appropriate ruling. It should be noted however, that Plaintiffs

understand that any challenge they may have with respect to the materials contained within the Force Investigation must be based upon impracticability and necessity.

**As to the above-listed Terms of the Stipulated Protective Order, IT IS SO ORDERED:**

Dated: December 1, 2014

/S/ FREDERICK F. MUMM
HON. FREDERICK F. MUMM
*United States Magistrate Judge*
